IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | No. 4:20-CV-1228 |
| $175,000 IN U.S. CURRENCY, | |
| Defendant in Rem. | |

## **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against $175,000 in U.S. Currency.

### NATURE OF THE ACTION

1.     This is a judicial action under 18 U.S.C. §§ 981(a)(1)(A) and (C) to forfeit property traceable to a scheme to defraud the United States Department of the Treasury ("Treasury") and the Internal Revenue Service ("IRS").

2.     The defendant *in Rem* is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) because it is property, real or personal, that constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 641 and/or 1343; and 18 U.S.C. § 981(a)(1)(A) because it is property, real or personal, involved in transactions or attempted transactions in violation of 18 U.S.C. § 1957, or property traceable to such property.

3.     To the extent necessary, the United States may rely on 18 U.S.C. § 984,

which allows the Government to forfeit the full amount of illicit proceeds originally deposited into an account in a financial institution during a one-year, look-back period regardless of whether the Government can establish, such as through direct tracing, that the fraud proceeds remain in the account on the seizure date.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1345 and 1355(a), and *in rem* jurisdiction under 28 U.S.C. §§ 1355(d).

5.   Venue is proper pursuant to 28 U.S.C. §§ 1355(b), because some of the acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas.

## PARTIES

6.   Plaintiff is the United States of America.

7.   Defendant *in rem* is $175,000 in U.S. currency originally seized from the BB&T Truist Bank account with account number ending in 0715 and owned by Kenneth D. Smith and Karen H. Smith ("the Defendant Property").

## FACTS

8.   IRS Form 1041, U.S. Income Tax Return for Estates and Trusts is a form for use by fiduciaries of a domestic decedent's estate, trust, or bankruptcy estate.  The form is used to report income, deductions, gains, losses, etc. of an estate or trust.

2

9.      In general, 26 U.S.C. § 6049(a) requires any person or entity who makes an interest payment aggregating $10 or more to any another person or entity to report those payments to the IRS on a Form 1099 information return.

10.     Original Issue Discount ("OID") is a form of interest.  OID is the excess of a debt instrument's stated redemption price at maturity over its issue price.  OID is taxable in the calendar year of accrual over the term of the debt instrument and must be reported as income in a tax return.

11.     Under 26 C.F.R. § 1.6049-4, a filing to the IRS is required on Forms 1096 and 1099 "for each calendar year of any holder of an obligation as to which there is original issue discount includible in gross income aggregating $10 or more."  Under 26 C.F.R. § 1.6049-4(f), an obligation "includes bonds, debentures, notes, certificates, and other evidences of indebtedness regardless of how denominated."   Among other information, the Form 1099 must report "the aggregate amount of original issue discount includible in the gross income of each holder for the period during the calendar year for which the return is made" and the amount of any income tax withheld.  Under 26 C.F.R. § 1.6049-4(g)(1), Forms 1096 and 1099 must be filed with the IRS after September 30 in the calendar year the payment of OID is made, but not before the payor's final payment to the payee for such calendar year, and "on or before February 28 (March 31 if filed electronically) of the following year."  Form 1099-OID is the specific form the IRS requires payors to send to payees and to file with the IRS.

3

12.     The Sybil Joy Ehninger Trust ("the SJE Trust") was created by Sybil Ehninger High ("High") on October 23, 2018.  The SJE Trust applied for and received an employee identification number ("EIN") from the IRS, which ended in 0695.

13.     The address for the SJE Trust was 2124 L Don Dodson, Apt 1144, Bedford, Texas 76021.

14.     On November 6, 2019, the IRS received an electronically-filed Form 1041 for tax year ending December 31, 2018 ("SJE Trust Tax Filing"), which listed the following:

  a.  Name of estate or trust: Sybil Joy Ehninger Tr

  b.  Name and title of fiduciary: SybilJoy

  c.  EIN: xx-xxx0695

  d.  Date entity created: 10-23-2018

  e.  Number, street, and room or suite no.: 2124 L Don Dodson Apt 1144

  f.  City/state: Bedford, TX 76021

  g.  Check applicable boxes: Initial return checked

15.     The SJE Trust Tax Filing was transmitted electronically by interstate wire to the IRS using TaxAct software.  The Modernized e-File (MeF) system was established to facilitate electronic filing of tax returns.  Returns flow into the MeF system through the Integrated Enterprise Portal (IEP), and are delivered to the MeF system located in the Enterprise Computing Center at Martinsburg, West Virginia.  The SJE Trust Tax Filing

was transmitted through the internet from Texas, through the IEP, to the IRS's MeF system in Martinsburg, West Virginia.

16.    The SJE Trust Tax Filing listed income of $4,216,532 and a net operating loss deduction of $4,216,532, which resulted in a tax liability of $1,176,807.

17.    The net operating loss statement that accompanied the SJE Trust Tax Filing attributed this loss to the following:

| Grayson Co | $150,000.00 |
| Cig Financial Auto | $141,674.00 |
| American Express | $150,000.00 |
| Fannie Mae | $94,479.92 |
| PNC Bank | $433,439.76 |
| State Farm | $12,230.01 |
| Tarrant County | $2,895,551.91 |
| Roundpoint Mortgage Corp. | $225,000.00 |
| First National Bank | $114,155.32 |
| **Total** | **$4,216,530.92** |

18.    A net operating loss is the result when an entity's allowable deductions exceed its taxable income for a tax period.  When this happens, the allowable deductions can be "carried forward" to succeeding years to reduce future taxable income.  Since the SJE Trust Tax filing was the initial return for the SJE Trust, the SJE Trust could not have legitimately reported a net operating loss in the SJE Trust Tax Filing.

19.    The SJE Trust Tax Filing listed $4,216,532 as federal income tax withheld and reported on Form 1099-OID, which resulted in a tax refund due of $3,039,725. The SJE Trust Tax Filing supported its OID claim with 20 Forms 1099-OID attached to

the return that reflected both the payer and recipient as the SJE Trust.  These forms reported the following OID and Federal income tax withheld amounts:

| Original Issue Discount | Federal Income Tax Withheld |
|---|---|
| $  300,000.00 | $300,000.00 |
| $  165,272.00 | $165,272.00 |
| $  300,000.00 | $300,000.00 |
| $  300,000.00 | $300,000.00 |
| $  603,107.78 | $603,107.78 |
| $  603,107.78 | $603,107.78 |
| $  283,439.76 | $283,439.76 |
| $  114,155.32 | $114,155.32 |
| $  150,000.00 | $150.000.00 |
| $  150,000.00 | $150,000.00 |
| $    94,479.92 | $ 94,479.92 |
| $    75,000.00 | $ 75,000.00 |
| $    75,000.00 | $ 75,000.00 |
| $    75,000.00 | $ 75,000.00 |
| $    75,000.00 | $ 75,000.00 |
| $    75,000.00 | $ 75,000.00 |
| $    75,000.00 | $ 75,000.00 |
| $    75,000.00 | $ 75,000.00 |
| $    75,000.00 | $ 75,000.00 |
| $  552,969.12 | $552,969.12 |
| **$4,216,531.68** | **$4,216,531.68** |

20.     No person or entity filed the Forms 1099-OID attached to the SJE Trust Tax Filing for the benefit of or on behalf of the SJE Trust with the IRS, as required by 26 C.F.R. § 1.6049-4.  The IRS never received any of the federal income tax withholding payments claimed on the Forms 1099-OID attached to the SJE Trust Tax Filing.

21.     Based on the SJE Trust Tax Filing, on or about December 3, 2019, the Treasury issued check #XXXXXXXX5688 in the amount of $3,039,725.00 payable to

the SJE Trust.  The check was mailed to a post office box located at 2124 L. Don Dodson #1144, Bedford, Texas 76021.  High had previously opened post office box #1144 on October 26, 2019.

22.     On December 9, 2019, High and her husband, Ronnie Steven High, visited a branch of Happy State Bank located at 1901 Central Drive, Bedford, Texas.  They opened Happy Business Checking account #XXXXXX1837 ("HB 1837"), in the name of the SJE Trust using the $3,039,725.00 Treasury check as the initial deposit.  Happy State Bank records reflect no other deposits into the account during December 2019.

23.     On December 23, 2019, a wire transfer in the amount of $175,000 was sent from HB 1837 to a BB&T Truist Bank account ending 0715 ("BB&T 0715").  BB&T 0715 is a personal account jointly owned by Kenneth David Smith and Karen Denise Smith (maiden name Hable).

24.     BB&T bank records confirm that $175,000 posted to BB&T 0715 on December 23,2019.  The ending balance in BB&T 0715 for the previous statement period ending on December 18, 2019 was $6,824.32.  The new balance in the account with the $175,000 deposit in the account, as of January 22, 2020, was $182,136.18.

25.     In April 2020, IRS Revenue Officers applied a jeopardy assessment on the SJE Trust in the amount of $4,216,532.00, plus penalties and interest of $1,278,104.55.  On April 21, 2020, the IRS seized $2,051,414.25 from HB 1837.  This left a balance due on the SJE Trust's tax account of $2,165,117.75, plus interest and penalties.

7

26.    On June 25, 2020, the IRS seized $175,000 from BB&T 0715 ("the Defendant Property") pursuant to a seizure warrant issued in the Northern District of Texas.  BB&T 0715 account records show that the $175,000 deposited on December 23, 2019 from HB 1837 remained in BB&T 0715, until its seizure on June 25, 2020.

27.    On August 14, 2020, Kenneth and Karen Smith filed a joint claim seeking return of the Defendant Property.  Kenneth and Karen Smith listed a home address in Florence, Kentucky.  In their claim, the Smiths indicated that the seized amount had been in their joint account for nearly six months.

28.    During 2020, the IRS also investigated the Smiths for perpetrating a similar fraudulent scheme involving a Form 1041 trust tax return.  On January 20, 2020, the IRS received an electronically filed Form 1041 trust tax return in the name of Karen Denise Hable Tr ("KDH Trust") for tax year 2018.  The return claimed interest income of $10,000,000; a net operating loss of $10,000,000; and federal income tax withheld of $10,000,000.  The return showed a total tax of $276,178.  The return claimed a refund of $9,723,822.  The return was also marked by the filer as an "initial return."

29.    There are no IRS records showing that the KDH Trust or the Smiths themselves received or were entitled to receive $10,000,000 in interest income in 2018. There are no IRS records showing that the KDH Trust or the Smiths themselves had $10,000,000 in withholdings for 2018.  No entity reported to the IRS $10,000,000 of income or withholdings for the KDH Trust or the Smiths.

8

30.     Like the net operating loss in the SJE Trust Tax Filing, the claimed net operating loss in the KDH Trust tax return was fraudulent, since the KDH Trust was also filing its initial tax return and could have had no net operating loss to carry forward.

31.     On February 22, 2018, Karen Smith filed for Chapter 13 bankruptcy in the Eastern District of Kentucky, *In re Karen Denise Smith*, No. 1:18bk10039.  In statements and schedules filed in the bankruptcy case on March 9, 2018, Karen Smith indicated the following:

a.   Owner with another of real property in Grayson, Kentucky valued at $150,000;

b.   Owner with another of real property in Florence, Kentucky, valued at $112,000;

c.   She did not own or have any interest in any business or business property;

d.   She did not have any secured creditors;

e.   She had been retired 11 years;

f.   Her husband had worked in transportation security for 11 years;

g.   She had gross income of $1,327 a month, and her husband had $2,200 gross income per month, for a total gross income per month of $3527;

h.   She had $2,720 in monthly expenses.

The bankruptcy court dismissed the case on August 15, 2018, because Karen Smith failed to make Chapter 13 plan payments.

### FIRST CLAIM FOR RELIEF
18 U.S.C. § 981(a)(1)(C)
(Theft of Public Funds Forfeiture)

32.     The United States incorporates by reference herein all allegations previously made.

33.     Under 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity," or a conspiracy to commit such offense, is subject to forfeiture to the United States.

34.     Under 18 U.S.C. §§ 1956(c)(7)(D), theft of public funds in violation of 18 U.S.C. § 641 is a specified unlawful activity.

35.     Title 18, United States Code, Section 641, provides in relevant part that:

Whoever … steals, purloins, or knowingly converts to his use or the use of another, or without authority … conveys or disposes of any … money, or thing of value of the United States or of any department or agency thereof …; or

Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been … stolen, purloined or converted--

Shall be fined under this title or imprisoned not more than ten years, or both.

36.     As described above, the Defendant Property was involved in one or more violations of 18 U.S.C. § 641, or a conspiracy to do so.

10

37.     Therefore, the Defendant Property is subject to forfeiture under 18 U.S.C. §

981(a)(1)(C).

## SECOND CLAIM FOR RELIEF
### 18 U.S.C. § 981(a)(1)(C)
### (Wire Fraud Forfeiture)

38.     The United States incorporates by reference herein all allegations

previously made.

39.     Under 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which

constitutes or is derived from proceeds traceable to an offense constituting a "specified

unlawful activity," or a conspiracy to commit such offense, is subject to forfeiture to the

United States.

40.     Under 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1), wire fraud in violation of

18 U.S.C. § 1343 is a specified unlawful activity.

41.     Title 18, United States Code, Section 1343, provides that:

> Whoever, having devised or intending to devise any scheme or
> artifice to defraud, or for obtaining money or property by
> means of false or fraudulent pretenses, representations, or
> promises, transmits or causes to be transmitted by means of
> wire . . . in interstate or foreign commerce, any writings, signs,
> signals, pictures, or sounds for the purpose of executing such
> scheme or artifice shall be guilty of a crime.

42.     As described above, the Defendant Property was involved in one or more

violations of 18 U.S.C. § 1343, or a conspiracy to do so.

43.     Therefore, the Defendant Property is subject to forfeiture under 18 U.S.C. §

11

981(a)(1)(C).

### THIRD CLAIM FOR RELIEF
18 U.S.C. § 981(a)(1)(A)
(Expenditure Money Laundering Forfeiture)

44.     The United States incorporates by reference herein all allegations previously made.

45.     Under 18 U.S.C. § 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, or any property traceable to such property, is subject to forfeiture to the United States.

46.     Title 18, United States Code, Section 1957(a) prohibits knowingly engaging or attempting to engage in a monetary transaction in criminally derived property that has a value greater than $10,000.

47.     As set forth above, the Defendant Property was involved in a monetary transaction in violation of 18 U.S.C. § 1957, or is traceable to such property.

48.     Accordingly, the Defendant Property is subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(A).

### REQUEST FOR RELIEF

WHEREFORE, the United States respectfully asserts that there is reasonable cause to believe Defendant Property is subject to forfeiture to the United States under 18 U.S.C. §§ 981(a)(1)(A) and (C), and requests the following:

A.  That notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

B.  That the Defendant Property be forfeited and condemned to the United States of America;

C.  That the Treasury, IRS, or its delegate(s), be ordered to dispose of the Defendant Property as provided by law; and

D.  Award Plaintiff, the United States, all other relief to which it is entitled, including the costs of this action and for such other and further relief as this court deems just and proper.

Dated this _____ day of November, 2020.

ERIN NEALY COX
UNITED STATES ATTORNEY


*/s/ Travis K.  Elder*
Travis K.  Elder
Assistant United States Attorney
Utah Bar No. 11987
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
T: 214-659-8600 | F: 214-659-8812
travis.elder@usdoj.gov

ATTORNEY FOR PLAINTIFF

13

<u>**VERIFICATION**</u>

I am a Special Agent with the Internal Revenue Service, and declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture *In Rem*, and that the facts contained therein are based upon my personal knowledge or upon information I obtained in the course of my investigation and are true and correct to the best of my knowledge and belief.

Executed on this 12th day of November, 2020.

Eric D. Tunell
IRS Special Agent

14